**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (284397)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 112482

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FameFlynet, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Sengstaken Enterprises, Inc. d/b/a Style West <br><br> Defendant. | Docket No: <br><br><br> **COMPLAINT** |

FameFlynet, Inc. ("*Plaintiff*"), by and through its undersigned counsel, for their Complaint against Defendant Sengstaken Enterprises, Inc. d/b/a Style West (hereinafter "*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover for copyright infringement. Plaintiff herein provides entertainment-related photojournalism goods and services and owns the rights to photographs featuring celebrities which they license to online

1

and print publications. Plaintiff has obtained U.S. copyright registrations covering many of its photographs, and many others are the subject of pending copyright applications.

2. Defendant own and operate an Instagram account davrainboot@instagram ("*Instagram*") and, without permission or authorization from Plaintiff actively copied, uploaded, and displayed Plaintiff's photographs on Instagram without permission or authorization from Plaintiff and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

3. FameFlynet, Inc. is a California Corporation and maintains its principal place of business in Los Angeles County, California.

4. On information and belief, Defendant Sengstaken Enterprises, Inc. d/b/a Style West, is a California Corporation with a principal place of business in Ventura County, California.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

6. This Court has personal jurisdiction over Defendant because it is a California corporation with its principal place of business in Oxnard, California.

7. Venue is proper under 28 U.S.C. §1391(a)(2) because both Plaintiff and Defendant do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

8. Plaintiff is the legal and rightful owner of photographs which it licenses to online and print publications.

9. Plaintiff has invested significant time and money in building its photograph portfolios.

10. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "USCO") which cover many of their photographs while many others are the subject of pending copyright applications.

11. Plaintiff's photographs are original, creative works in which Plaintiff's own protectable copyright interests.

12. Instagram is a popular and lucrative enterprise that purposefully displays celebrity and/or news photographs, including Plaintiff's copyrighted photographs.

13. Instagram is monetized in that it contains paid advertisements and/or sells merchandise to the public and, on information and belief, Defendant profit from these activities.

14. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, uploaded and displayed Plaintiff's copyright protected photographs (the "*Photograph*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on Defendant's Instagram account.

15. On information and belief, the Photographs were copied, uploaded and displayed without license or permission, thereby infringing on their copyrights (hereinafter the "*Infringement*".

16. As is set forth more fully in Exhibit "1", the Infringement contains the URL ("*Uniform Resource Locator*") for a fixed tangible medium of

expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

17. Each Infringement is an exact copy of Plaintiff's original image that was directly copied and uploaded by Defendant onto its Instagram account.

18. On information and belief, Defendant takes an active and pervasive role in the content posted on its Instagram, including, but not limited to copying, posting, selecting, commenting on and displaying Photographs.

19. On information and belief, only employees and approved agents of Defendant have access to Defendant's Instagram account.

20. On information and belief, the Infringement was not posted at the request of a user as that term is defined by 17 U.S.C. §512.

21. On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

22. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that they were aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

23. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

24. On information and belief, Defendant' employees and agents created, authored, posted, participated in and/or commented on "threads," articles or postings including those featuring Plaintiff's copyright-protected Photograph.

25. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on their Instagram and exercised and/or had the right and ability to exercise such right.

26. On information and belief, Defendant' employees and agents had complete control over and actively reviewed and monitored the content posted on Instagram.

27. On information and belief, Defendant received a financial benefit directly attributable to the Infringement. Specifically, by way of the Infringement, it was able to promote its products with a celebrity endorsement which increase Defendant's merchandise sales.

28. On information and belief, a large number of people have viewed the unlawful copies of the Photographs on Instagram.

29. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

30. As a result of Defendant' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

31. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

32. The Photographs are original, creative works in which Plaintiff owns valid copyrights properly registered with the United States Copyright Office.

33. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

34. Without permission or authorization from Plaintiff and in willful violation of their rights under 17 U.S.C. §106, Defendant improperly and illegally copied, uploaded and publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

35. Defendant' reproduction of the Photographs and display of the Photographs on Instagram constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

36. As a direct and proximate result of Defendant' misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT
### *(Vicarious Copyright Infringement)*

37. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

38. At all material times hereto, on information and belief, Defendant had the right and ability to supervise, control, limit, and stop the infringing conduct of its employees, agents and members, and yet, Defendant declined to exercise such right and ability in instant case.

39. For example, on information and belief, Defendant had the practicable ability to police the images on Instagram when their employees and agents edited, modified and/or interacted with the Photograph, and therefore had the right and ability to supervise and control the infringing Photograph.

40. As a direct and proximate result of Defendant' refusal to exercise its right to stop or limit the infringing conduct, on information and belief,

6

Defendant' members and employee contributors have continued to infringe upon Plaintiff's Photograph, which in turn, generates profits for Defendant directly from the use of the Infringement.

41. On information and belief, Defendant enjoyed a directed financial benefit from the infringing activity of its members, employees and agents from, *inter alia*, increased merchandise sales by usage of the celebrity endorsement stemming from the Photograph.

42. Accordingly, Defendant is liable as vicarious infringers since they profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g., Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

43. As a direct and proximate result of Defendant' misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

   a. Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement or in the alternative Plaintiff's actual damages and the disgorgement of Defendant' wrongful profits in an amount to be proven at trial; and

   b. A permanent injunction against Defendant pursuant to 17 U.S.C.

    §502; and

  c. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

  d. Plaintiff's costs; together with

  e. Such other relief that the Court determines is just and proper.

DATED: September 26, 2017

          **SANDERS LAW, PLLC**


          By:  */s/ Craig B. Sanders* _____
          SANDERS LAW, PLLC
          100 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Tel: (516) 203-7600
          csanders@sanderslawpllc.com
          *Attorneys for Plaintiff*
          File No.: 112482